UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS MARKINS, | ) | |
| | ) | CASE NO. 5:17 CV 793 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| SOUTHWEST AIRLINES CO., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

This case is before the Court on Plaintiff, Curtis Markins' Motion to Remand To the Summit County Court of Common Pleas. (ECF #9). Defendants, Southwest Airlines Co. and Jeffrey Crum, filed an Opposition to Plaintiff's Motion, and Plaintiff filed a Reply in support of his motion. (ECF #14, 17). Having carefully reviewed the submissions of the parties, and all of the relevant law, the Court hereby GRANTS Plaintiff's Motion to Remand. (ECF #9).

The federal statute governing the removal of civil actions permits a defendant to remove a case from a state court to a federal district court if the federal court has original jurisdiction based on diversity of citizenship or federal question. *See* 28 U.S.C. § 1441(b) (2003). A defendant who removes a case from state court bears the burden of establishing federal jurisdiction. *See Ahern v. Charter Township of Bloomfiel*d, 100 F.3d 451, 453-54 (6 th Cir. 1996). In order for a case to be

removed to federal district court under diversity jurisdiction, complete diversity must exist at the time of removal and the amount in controversy must be in excess of $75,000.[1] *See Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) ; 28 U.S.C. §1332(a) (2003). Complete diversity exists when no plaintiff and no defendant are citizens of the same state. *See Jerome-Duncan, Inc., v. Auto-By-Tel*, 176 F.3d 904, 907 (6th Cir. 1999).

This action was originally filed in the Summit County Common Pleas Court, on March 13, 2017, and was timely removed by the Defendants to federal court on the premise of diversity of the parties. As originally filed, this case does not meet the requirements of complete diversity. Defendants agree that Mr. Crum is an Ohio citizen, and his inclusion as a defendant destroys diversity under 28 U.S.C. §1332. However, they argue that Mr. Crum was fraudulently or improperly included as a party, and that he should be dismissed and disregarded for diversity purposes. If Mr. Crum was indeed fraudulently joined, the court must disregard his inclusion as a defendant when deciding diversity jurisdiction. As a result, complete diversity would exist and the federal jurisdictional requirements would be satisfied. The fraudulent joinder of non-diverse defendants, against whom the plaintiff has no reasonable cause of action, cannot defeat removal based on diversity grounds. *See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Coyne*, 183 F.3d 488.

---

[1] A defendant seeking to remove a case on the basis of diversity jurisdiction has the burden of proving by a preponderance of the evidence that the plaintiff's claims meet the amount in controversy requirement where damages sought in the state court action are unspecified. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). Although neither party discussed the amount in controversy, it is not clear from the original Complaint, or from the notice of removal that the case meets the statutory threshhold. The amount of damages sought in the prayer for relief is only $25,000, although the Plaintiff also seeks attorney fees and costs.

A defendant has been fraudulently joined if there can be "no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . ." *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). Stated more succinctly, the question is whether a colorable cause of action exists against the non-diverse defendant. *Jerome-Duncan, Inc.*, 176 F.3d 904, 907 (1994); *see also Alexander,* 13 F.3d at 949 (stating the inquiry is "whether there is arguably a reasonable basis for predicting that the state law *might* impose liability on the facts involved") (emphasis added). To establish improper joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne ex rel. Ohio v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)(citing *Alexander v. Electronic Data Sys. Corp*., 13 F.3d 940, 949 (6th Cir. 1994).

In evaluating fraudulent joinder, the district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party." *See Coyne*, 183 F.3d at 493. As the district court in *Little* observed, the underlying inquiry into fraudulent joinder is similar to the inquiry into a motion to dismiss under Fed. R. Civ. P 12(b)(6), but is even more deferential to the Plaintiffs. *See Little v. Perdue Pharma, L.P*., 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002) (quoting *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 852 (3d Cir. 1992), in stating that a 12(b)(6) inquiry is "more searching than permissible" under a fraudulent joinder evaluation); *see also Hartley v. CSX Transp., Inc*., 187 F.3d 422, 424 (4th Cir. 1999) (stating that the plaintiff gets "more favorable treatment in a fraudulent joinder inquiry than . . . in a 12(b)(6) inquiry"). Given the deference in a fraudulent joinder inquiry, the *Little* court held that a colorable claim existed if there was a basis for the claim in the laws of the state where the claim

3

was brought. *Little*, 227 F. Supp. 2d at 847. The inquiry into whether facts of the case actually support the claim is not a jurisdictional issue, but is "more appropriately left for the court which ultimately takes control of the case." *Id.* It is under the backdrop of the preceding principles that this court evaluates the Defendants' assertions of fraudulent joinder.

The Court must look at the allegations that had been made at the time of removal to determine whether there was fraudulent joinder. *See Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). In this case, that means that the Court must rely on the allegations in the original Complaint, and may not consider any added factual allegations made in the Amended Complaint for purposes of this motion.[2] The Original Complaint is admittedly sparse with regard to allegations against Mr. Crum. It alleges only that he was a management employee working for Southwest; that he is a resident of the state of Ohio; that he directly and indirectly violated O.R.C. §4112.02 in the manner contemplated by O.R.C. §4112.02(J); and, that he "aided and abetted Southwest in discriminating against Plaintiff based on his record of having a disability and has directly and indirectly engaged in illegal disability discrimination against Plaintiff."

Defendants' argue that Mr. Crum was fraudulently joined because Plaintiff's allegations do not state a "plausible" aiding and abetting claim against Mr. Crum. They contend that the Complaint contains nothing more than generalized and conclusory statements about Mr. Crum, and that there is no colorable basis for an aiding and abetting claim against him. However, although Mr. Crum's connection to Mr. Markins' placement on involuntary medical leave was not

---

[2] Although both parties' briefing refers to allegations in the First Amended Complaint, it was filed after the removal of the case, and the Court may only consider the allegations made at the time of removal. Therefore, the Court will look only to the Original Complaint when deciding this matter.

4

detailed in the Complaint, Defendants do admit that Mr. Crum reported to the Southwest Airlines' Accommodations and Career Transitions Team, and the Labor Team that Mr. Markins had "what appeared to be a seizure" at work in 2016. Mr. Markins claims that the report of a seizure was false, and that this report triggered the actions that landed him on involuntary leave. He also claims that Southwest knew the report was false. Taking these allegations and admissions as true, the Complaint sufficiently alleges that Mr. Crum falsely accused Mr. Markins of having a seizure in order to aid and abet Southwest in discrimination based on Mr. Markins' disability. Defendants take great issue with the veracity of these claims, but the truth of the claims is not an issue to be determined at this stage of the litigation.

This case is more analogous to the case of *Woodworth v. Time Warner Cable, Inc.*, 2015 U.S. Dist. LEXIS 148832 (N.D. Ohio, November 15, 2015)(J. Gaughn), cited by Plaintiff, than to *Townsend v. Cleveland Metropolitan School District*, N.D. Ohio No. 1:15-CV-2469, 2016 WL 1704344 (Apr. 28, 2016), relied on by Defendants. In *Woodworth*, the Court found that the named non-diverse individual defendant was alleged to have intervened in a manner that eventually caused the plaintiff's termination, even though that individual did not terminate, nor have the power to terminate, the employee. Based on that intervention, which "could have prompted" the decision to terminate the plaintiff, the complaint alleged a colorable claim against the intervener under O.R.C. §4112.02(J). Similarly, in this case, Mr. Markins has alleged that Mr. Crum intervened by falsely reporting that he'd had a seizure, and this intervention prompted a chain of events that led to his being placed on involuntary leave. Conversely, in *Townsend*, that court found that the complaint did not allege that the non-diverse named individual "took any action whatsoever with respect to the plaintiff." *Townsend*, 2016 WL 1704344, at *3.

5

Ohio Revised Code 4112.02(J) provides for broad individual liability for anyone who might "aid, abet, incite, compel, or coerce the doing of . . . an unlawful discriminatory act." *Hauser v. Dayton Police Dept.*, 140 Ohio St.3d 268, 271 (2014). Under Ohio law aiding and abetting means knowingly doing something which ought not be done "which assists or tends in some way to affect the doing of the things which the law forbids." *Woodworth v. Time Warner Cable, Inc.*, 2015 U.S. Dist. LEXIS 148832 at *8. The Complaint in this case, combined with Mr. Crum's admission that he reported the alleged seizure, create a colorable claim that Mr. Crum did something he ought not do (falsely report a seizure) which assisted, affected, incited, compelled, or coerced Southwest to place Mr. Markins on involuntary leave for a discriminatory purpose, which is unlawful under O.R.C. §4112.02(J). Because there is a colorable claim: Mr. Crum was not fraudulently joined; complete diversity between the adverse parties did not exist; and, federal jurisdiction based on diversity is not proper in this case.

The sufficiency of the evidence against Mr. Crum is not a consideration to be evaluated when determining the Court's jurisdiction, nor is the sufficiency of the Complaint. Even if the original Complaint is too vague or conclusory to withstand a motion to dismiss on remand, the sufficiency of the Complaint faces a higher threshold than does the establishment of a colorable cause of action under the removal statute. As set forth in more detail above, a claim is colorable under the removal statute if there was a basis for the claim in the laws of the state where the claim was brought. *Little*, 227 F. Supp. 2d at 847. In this case, O.R.C. §4112.02(J) provides for a claim of this type against an individual in an employment discrimination case. The inquiry into whether facts of the case actually support the claim is not a jurisdictional issue, but is "more appropriately left for the court which ultimately takes control of the case." *Id.*

For the reasons set forth above, Plaintiff's' Motion to Remand is GRANTED (ECF #9). The inclusion of Mr. Crum as a Defendant in this action destroys diversity, and renders Defendants removal improper under 28 U.S.C. §1441. This case is, therefore, remanded to the Summit County Common Pleas Court for all further proceedings.   IT IS SO ORDERED.

     /s/ Donald C. Nugent
    DONALD C. NUGENT
    United States District Judge

DATED:   September 13, 2017